UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30087-MAP

| | |
|---|---|
| CARTER-McLEOD PAPER AND PACKAGING, INC.,<br>    Plaintiff | )<br>)<br>)<br>) |
| vs. | )<br>) |
| DONALD McLEOD; McLEOD PACKAGING SYSTEMS, INC.; and MORTEN HAZZARD,<br>    Defendants | )<br>)<br>)<br>) |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEYS' FEES

INTRODUCTION

Now come the Defendants and oppose the Plaintiff's Motion for Approval of Attorneys Fees. As grounds for their opposition, the Defendants state that: (1) The Plaintiff is not entitled to an award of attorneys fees and; (2) the amount of attorneys fees requested by the Plaintiff's counsel is excessive and not warranted by the facts of this case.

ARGUMENT

1. THE DEFENDANTS, DONALD MCLEOD AND MCLEOD PACKAGING SYSTEMS, INC. WERE IN SUBSTANTIAL COMPLIANCE WITH THE COURT'S ORDER AT THE TIME THAT PLANTIFFS FILED THEIR MOTION FOR CONTEMPT.

On December 20, 2005, the Plaintiff's counsel wrote a one (1) page letter to the Defendants' counsel in which he alleged that the Defendants were in contempt of the Court's Order by virtue of their use of a business card which was designed with the letter "D" inside the word McLeod instead of in front of it. The Plaintiff demanded that the alleged minimization of the letter "D"

422269

on the Defendants' business card cease within 4 days or otherwise a motion for contempt would be filed.

The Defendants responded to Plaintiff's counsel on December 23, 2005, and provided them with verification that the Defendant had legally changed its name to "D. McLeod Packaging, Inc." from "McLeod Packaging Systems, Inc." Furthermore, the letter indicated that the Defendants believed they had fully complied with both the spirit and intent of the Court's Order and that the new corporate name was clearly distinguishable from the prior corporate name and not likely to be confused in the marketplace with any alleged trade name claimed by the Plaintiff. In the spirit of resolving the issue, counsel for the Defendants invited Plaintiff's counsel to call him in order to review the matter in person or on the telephone. Plaintiff's counsel elected not to engage in any further dialogue and proceeded to file a Motion for Contempt.

Had the Plaintiff through its counsel properly investigated the facts, they would have determined that a motion for contempt was not warranted. As the Defendants pointed out to the Court in its Opposition to the Plaintiff's Contempt Motion, the Defendant implemented the following changes to its corporate name in accordance with the Court's Order:

(1) Registration at the Secretary of State for D. McLeod Packaging, Inc.

(2) Amend Articles of Incorporation at the Secretary of State for D. McLeod Packaging, Inc.

(3) Redesign of Corporate Homepage with D. McLeod Packaging, Inc.

(4) Redesigned its fax cover page to D. McLeod Packaging, Inc.

(5) Redesigned its Purchase Order to D. McLeod Packaging, Inc.

(6) Redesigned its Billing Invoice to D. McLeod Packaging, Inc.

422269

(7)     Redesigned its Credit Application to D. McLeod Packaging, Inc.

(8)     Redesigned its Sales Order Form to D. McLeod Packaging, Inc.

(9)     Notified all of its Vendors and Customers of its new name D. McLeod Packaging, Inc.

All of the above-mentioned documents used the name D. McLeod Packaging, Inc. Thus there was virtually 100% compliance with changing the Defendant's corporate name using the proper and consistent size font except for some business cards which contained the revised corporate name but did place the "D" inside the name McLeod.

The Defendants would like to point out that two other very important documents were changed which correctly used the D. McLeod Packaging, Inc. name. Attached as Exhibit 1 is a copy of a voided corporate check, which is in the name of D. McLeod Packaging, Inc. The second document, attached as Exhibit 2, is a copy of the Defendant's mailing label. The label too uses the name D. McLeod Packaging, Inc. Both of these important documents are cast in the proper font size just like the other categories of documents previously identified to the Court.

The Defendants have maintained that the use of the business cards is extremely de minimus when compared with all of the other steps taken by the Defendants to change its corporate name and to use consistent font with the letters spelling out the name. It is clear, and this Court so found, that the Defendants were not in contempt and attorneys fees should not be awarded for such a de minimus situation (the business card) and perhaps the entire motion could have been resolved if the Plaintiff had not been so unreasonable with their time demand of four (4) days and/or had they accepted the Defendants' invitation to engage in dialogue.

2.     PLAINTIFF'S REQUEST FOR ATTORNEYS FEES IS EXCESSIVE AND DISPROPORTIONATE TO THEIR DE MINIMUS ALLEGATIONS AGAINST THE DEFENDANTS.

422269

The Plaintiff is requesting Eleven Thousand Three Hundred Twenty Two Dollars and Fifty Cents in attorneys fees for writing a one (1) page letter; drafting of a Motion for Contempt and; attending one (1) hearing on the Motion for Contempt. It is the Defendants' position that such a request is extremely excessive. The Defendants do not believe that the hourly rates charged by the Defendants' counsel are unreasonable but rather the amount of time reported to have been spent on the Contempt aspect of this case is extremely excessive and unreasonable and is not justified given the de minimus nature of the use of a business card when compared to the massive amount of corporate name changes undertaken and properly accomplished by the Defendant.

Specifically the Plaintiffs request fees for 3.8 hours for correspondence to Defendants counsel regarding the alleged violation. The letter sent on December 20, 2005 is one (1) page. The Defendants cannot accept that it took 3.8 hours for the Plaintiff's counsel to review material and prepare the letter. In contrast, the Defendants' counsels' response took less than half that time to prepare a response to the letter.

Next the Plaintiff's counsel spent 14.9 hours performing legal research and analysis on the issue of Contempt. Herein again, the Defendants believe this time to be extremely excessive and unnecessary and could have been avoided if the Plaintiff had engaged in further dialogue with Defendants' counsel. Likewise, the Plaintiffs are asking to be reimbursed for twenty six hours of legal expenses for drafting the Motion for Contempt. There appears to be significant duplicative work given that both of the Plaintiffs Attorneys spent thirteen hours each on the drafting of the Motion. The Motion itself is only eight pages. Here again, in contrast, the Defendants' Opposition to the Motion for Contempt required less than one fourth the amount of time requested by the Plaintiff to draft the motion.

422269

Finally, the Plaintiff is requesting approval of 5.7 hours for the hearing on the Contempt Motion.  First, the Defendants question the necessity of the Plaintiff having two attorneys present at the Contempt hearing.  Secondly, Attorney Wilson did not make any presentation to the Court at the hearing.  Thirdly, the total time reported to have been spent on preparing for and attending the hearing is more than double the amount expended by Defendants' counsel for the hearing.

## CONCLUSION

The Defendants respectfully request that the Plaintiff's Request for Attorneys Fees should not be granted or, in the alternative, that any amount be substantially reduced as the time submitted is both excessive and duplicative and disproportionate to the end result.

THE DEFENDANTS
DONALD McLEOD,
McLEOD  PACKAGING  SYSTEMS,  INC.
and MORTEN HAZZARD


By     /s/ James F. Martin
James F. Martin, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.:  322480
jmartin@robinson-donovan.com

422269

CERTIFICATE OF SERVICE

      I, James F. Martin, Esq., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 8, 2006.

      Subscribed under the penalties of perjury.

                                              */s/ James F. Martin*
                                              James F. Martin

422269



EXHIBIT
1

**D. MCLEOD PACKAGING, INC**
P.O. BOX 1047
E. LONGMEADOW, MA 01028

COUNTRY BANK FOR SAVINGS
BRIMFIELD, MA 01010
53-7098/2118

**2501**

Order # :      607218
Product # :    L-MP12B
Stock # :      51N311D
Quantity:      500
Plant # :      090

**VOID**

AUTHORIZED SIGNATURE

⑈002501⑈ ⑆211870980⑆  607218⑈



